IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:09cr257 |
| | ) | |
| | ) | JUDGE HAYNES |
| GREGORY CHARLES KRUG | ) | |

**MEMORANDUM**

Before the Court is Defendant's motion for acquittal on Count One of conviction (Docket Entry No. 153), to which the Government responded (Docket Entry No. 155), and Defendant filed a reply (Docket Entry No. 161). Defendant argues that the jury verdict on Count One should be reversed based upon insufficient evidence. For the following reasons, the Court concludes that Defendant's motion should be denied.

**A. ANALYSIS OF THE MOTION**

Count One alleges that Defendant violated 18 U.S.C. § 1623 by making the following statement in a proceeding before the United States District Court for the Middle District of Tennessee on October 22, 2008:

> Question: "All right. This account, does Mr. McCullough have any of his monies in this account?"
>
> Answer: "No, no. Well, to my knowledge, no. I have never seen the bank statement."

(Docket Entry No. 1, Indictment) (emphasis in original). Count One alleges that Defendant then knew this statement was false because he "had received and seen bank statements for the bank account referenced in his testimony." Id. Count One further alleges that "during these

1

proceedings, it was material to determine whether GREGORY CHARLES KRUG owned or controlled any bank accounts, or had knowledge of any bank accounts maintained for his benefit." Id.

Defendant argues that his statement at the revocation hearing referred to one particular bank statement. Specifically, Defendant argues as follows:

> By his use of "the," Krug clearly indicated that he'd "never seen" just one, and only one, of the bank statements which Wells Fargo Bank had issued with respect to account #...7907. Krug believes that the jury's verdict as to Count One should be reversed, because the government never even tried to identify the bank statement to which Krug had referred on 10/22/08; i.e., while the government did introduce a copy of several bank statements which it had found in his possession on 8/17/07, his possession of those statements does not prove that any of them was the statement which he had claimed that he'd "never seen" on 10/22/08.
>
> Since there was not any evidence that Krug had seen the here-relevant, 12/31/06 bank statement prior to 10/22/08, the jury could not have properly determined that Krug had violated 18 USC § 1623; seek Jackson v. Virginia, 443 US 307.

(Docket Entry No. 153, at 1-2) (emphasis in original). See also Docket Entry No. 161, at 3-4.

The Government responds that Defendant's motion should be denied because the jury properly rejected the Defendant's construction of his statement. (Docket Entry No. 155). Specifically, the Government contends:

> Given the context within which defendant made this statement (during a supervised release revocation hearing concerning the defendant's repeated non-disclosure of financial information and in response to the question: "This account, does Mr. McCullough have any of his monies in this account.") the more reasonable meaning of this statement was that defendant was referring to the bank statement for the account generally – not a specific bank statement. Based on the proof at trial that bank statements for Wells Fargo Account ending in 7907 were recovered by probation officers from defendant's apartment after being sent to defendant by Mr. McCullough along with handwritten notes, the jury accepted the government's construction of defendant's statement by returning a verdict of guilty on Count One.

Id. at 3.

2

## B. CONCLUSIONS OF LAW

In evaluating Defendant's challenge to Count One, the Court must decide "'whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" <u>United States v. Geisen</u>, 612 F.3d 471, 488 (6th Cir. 2010) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original)). The Sixth Circuit further explained:

> All conflicts in the testimony are resolved in favor of the government, and every reasonable inference is drawn in its favor. <u>United States v. Bashaw</u>, 982 F.2d 168, 171 (6th Cir. 1992). In considering the claim, "we do not weigh the evidence presented, consider the credibility of witnesses, or substitute our judgment for that of the jury." <u>United States v. M/G Transp. Servs., Inc.</u>, 173 F.3d 584, 588-89 (6th Cir.1999) (citing <u>United States v. Hilliard</u>, 11 F.3d 618, 620 (6th Cir.1993)). This standard applies even if the evidence is purely circumstantial. See <u>Kone</u>, 307 F.3d at 434. Consequently, in raising a sufficiency of the evidence claim, a defendant "bears a very heavy burden." <u>United States v. Spearman</u>, 186 F.3d 743, 746 (6th Cir. 1999).

<u>Geisen</u>, 612 F.3d at 488.

"In order to obtain a conviction for perjury in violation of 18 U.S.C. § 1623, the government must prove that the defendant: (1) knowingly made (2) a materially false declaration (3) under oath (4) in a proceeding before or ancillary to any court of the United States." <u>United States v. Lee</u>, 359 F.3d 412, 416 (6th Cir. 2004) (citing <u>United States v. McKenna</u>, 327 F.3d 830, 838 (9th Cir. 2003)). "In order to sustain a perjury conviction, the questions and answers which support the conviction must demonstrate both that the defendant was fully aware of the actual meaning behind the examiner's questions and that the defendant knew his answers were not the truth." <u>United States v. Radford</u>, No. 00-1029, 14 Fed. Appx. 370, 374 (6th Cir. June 19, 2001) (quoting <u>United States v. Eddy</u>, 737 F.2d 564, 567 (6th Cir.1984)).

Here, Defendant argues only that the Government did not present proof of the second element because there was no proof that Defendant had seen the bank statement reflecting

3

McCullough's withdrawal of funds. In a word, Defendant argues that there was insufficient evidence to support his Count One conviction because the Government did not provide support for Defendant's theory of the statement.

In United States v. Radford, the defendant advanced a similar argument based upon his alternate theory of allegedly perjurious testimony. Radford, 14 Fed.Appx. at 374. On appeal, the defendant claimed that he gave an "'equivocal response to an ambiguously compound question that is subject to various interpretations,' implying that he gave a literally true answer to one of the 'various interpretations' of the question." Id. In affirming his conviction, the Sixth Circuit rejected the defendant's argument, stating as follows:

> [Defendant's] argument presupposes that a defendant may rely on Bronston[1] to attack a perjury conviction by parsing the language of allegedly perjurious testimony to come up with a grammatical theory that avoids the consequences of testimony that a jury found was intentionally false. Witnesses do not often pause in the middle of courtroom examinations to consult Strunk & White's Elements of Style before answering questions. More importantly, we see absolutely no value in creating a rule that would encourage them to do so. As we held in DeZarn[2], _juries who have just sat through trials are perfectly capable of hearing arguments by both sides regarding the meaning of questions posed and answers given in a prior proceeding. Their factual findings beyond a reasonable doubt resolve not only the intentional misrepresentation issue but, in cases such as this, the matter of certain testimony's meaning. Courts will only disturb that verdict when no rational trier of fact could have found as they did_. See Jackson v. Virginia, 443 U.S. at 319. Nothing in Bronston requires appellate courts to do more.
>
> The competing grammatical theories of the question's meaning show that a rational trier of fact could have reached several conclusions as to the substance of [defendant's] testimony, the most reasonable of which supports the government's theory of the crime. The jury had before it ample evidence, . . . to support the conclusion that [defendant's] testimony affirming his belief that the rape report provided probable cause to support the search was false. See United States v. Camporeale, 515 F.2d 184, 189 (2d Cir.1975). Unlike the defendant's testimony in Bronston, [the defendant's] testimony was not literally true though misleading by negative implication. It was literally false.

Id. at 375-76 (emphasis added).

---

[1] Bronston v. United States, 409 U.S. 352 (1979).
[2] United States v. DeZarn, 157 F.3d 1042, 1049 (6th Cir. 1998).

4

Here, as in Radford, the jury had ample evidence to support the conclusion that the declaration "I have never seen the bank statement" was materially false. The Government introduced Wells Fargo bank statements for the "GOODALL W MC CULLOUGH JR FOR GREG KRUG" account ending in 7907: a bank statement from November 2003 with a handwritten note to Defendant from Greg McCullough (Government Exhibit 5) and a bank statement from April 2006 (Exhibit 6). United States Probation Officer Troy Lanham testified that he found these bank statements at Defendant's residence. Court Reporter Becky Cole read portions of the October 22, 2008 supervised release hearing transcript providing context and surrounding circumstances to the Defendant's statement. Cole also read from a November 6, 2008 transcript during which Defendant admitted seeing some bank statements from the bank accounts. Goodall McCullough testified that he opened two bank accounts on Defendant's behalf, that he communicated with Defendant about the accounts, and that there were times that he sent bank statements to Defendant.

In his motion for a new trial, Defendant argued that his statement was not material. (Docket Entry No. 165, at 5). Defendant explained that the "the sole purpose of the October 22, 2008 . . . hearing was to 'further investigate what finances [sic] the defendant has in that account' in light of the allegation that: 'Mr. Krug had previously stated that he had no bank accounts.'" Id. A statement is material if it has the natural tendency to influence or is capable of influencing the decision-making entity at the time it was made. Lee, 359 F.3d at 416; United States v. Lutz, 154 F.3d 581, 588 (6th Cir. 1998). At trial, the Government presented proof that Defendant made the statement during a supervised release revocation proceeding relating to alleged financial disclosure violations. Thus, it is clear that Defendant's statement had the capacity to

5

influence the court on whether Defendant violated the terms of supervised release. Moreover, Probation Officer Lanham testified the statement was material as it confirmed Defendant's prior representations of not having certain bank accounts.

Viewed in the light most favorable to the Government as is required, the Court concludes that the evidence presented at trial was sufficient for a rational trier of fact to find that Defendant knowingly made a materially false declaration under oath during a court proceeding that "I have never seen the bank statement." Therefore, there was sufficient evidence presented at trial to sustain the jury's verdict on Count One.

## C. CONCLUSION

For the foregoing reasons, Defendant's motion for acquittal (Docket Entry No. 153) should be denied.

An appropriate Order is filed herewith.

Entered on this the __24th__ day of September, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

6

Case 3:09-cr-00257   Document 172   Filed 09/28/10   Page 6 of 6 PageID #: 625