# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:09cr257 |
| ) | |
| ) | JUDGE HAYNES |
| GREGORY CHARLES KRUG ) | |

## MEMORANDUM

Before the Court is Defendant Gregory Charles Krug's motion for a new trial (Docket Entry No. 154) and supplements thereto (Docket Entry Nos. 162, 164, 165), to which the Government responded (Docket Entry Nos. 156, 167). Defendant asserts that he is entitled to a new trial for the following reasons: (a) no recusal by presiding judge, (b) no provision of defense exhibits to jury, (c) addition of definition of control to jury instructions, (d) denial of continuance, (e) rejection of proposed jury instruction, (f) evidentiary rulings, (g) failure to appoint counsel, (h) jury instruction recitation, and (i) lack of materiality.

## I. CONCLUSIONS OF LAW

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Generally, such motions are granted only 'in the extraordinary circumstances where the evidence preponderates heavily against the verdict.'" United States v. Hughes, 505 F.3d 578, 592-93 (6th Cir. 2007) (citation omitted). "The paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that 'the [jury's] verdict was against the manifest weight of the evidence.'" United

1

States v. Munoz, 605 F.3d 359, 373 (6th Cir. 2010) (citations omitted). A defendant may also obtain a new trial for newly discovered relevant evidence. United States v. Blackwell, 459 F.3d 739, 768 (6th Cir. 2006), cert. denied, 549 U.S. 1211 (2007). "Rule 33's 'interest of justice' standard [also] allows the grant of a new trial where substantial legal error has occurred." Munoz, 605 F.3d at 373. Here, Defendant presumably relies on substantial legal error to justify a new trial as he has not cited newly discovered evidence or argued the verdict was against the weight of the evidence. For the reasons stated below, the Court concludes that a new trial is not warranted and Defendant's motion should be denied.

### A. Recusal

Defendant argues he is entitled to a new trial because the presiding judge did not recuse himself from the instant action for bias and prejudice. Defendant contends recusal was appropriate due to the Court's (1) refusal to order medical treatment, (2) denial of pre-trial motions, (3) contrary evidentiary rulings, (4) and rejection of continuance. (Docket Entry No. 154). The Government responds that Defendant's allegations do not justify recusal under 28 U.S.C. § 455. (Docket Entry No. 156).

Under 28 U.S.C. § 455(b)(1), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." United States v. Jamieson, 427 F.3d 394, 405 (6th Cir. 2006) (citing United States v. Hartsel, 199 F.3d 812, 820 (6th Cir.1999)). "Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" Wheeler v. Southland Corp., 875 F.2d

2

1246, 1251-52 (6th Cir. 1989) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1965)). Here, Defendant does not allege an extrajudicial source or personal bias from background or association. Accordingly, the Court's non-recusal was not substantial legal error and Defendant's motion should be denied.

### B. Defense exhibits

Defendant argues that he is entitled to a new trial because his trial exhibits were not provided to the jury during its deliberations. (Docket Entry No. 154). The Government responds that this was harmless error, citing United States v. Collins, 604 F.3d 481 (7th Cir. 2010), and that Government Exhibit 15 was not provided to the jury. (Docket Entry No. 156).

Under the law of the case doctrine, findings made in litigation become the law of the case for same issues in subsequent stages of the same litigation. Arizona v. California, 460 U.S. 605, 618 (1983). See also United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994). The law of the case doctrine dictates that issues that have been decided should only be reopened in extraordinary circumstances. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). The law of the case doctrine applies in criminal cases. See, e.g., United States v. Todd, 920 F.2d 399, 404 (6th Cir. 1990).

After the conclusion of the trial, the Court learned that Defendant's exhibits were in his control and not provided to the jury during its deliberations. On July 26, 2010, the Court held a hearing and ruled that the non-provision of the trial exhibits did not warrant a new trial for the reasons stated in open Court. (Docket Entry No. 151). No extraordinary circumstances justify relitigation of this issue. Accordingly, non-provision of Defendant's exhibits was not substantial legal error and Defendant's motion should be denied.

### C. Definition of control

Defendant argues he is entitled to a new trial because the Court added a definition for control to the jury instructions after the close of proof foreclosing witness testimony on the meaning of control. (Docket Entry No. 154, at 6-7; Docket Entry No. 162, at 7-8). Defendant also argues this definition was erroneous because it "included elements from both the verb and the noun sense of that word," (Docket Entry No.164, at 2), and a better definition of control existed. (Docket Entry No. 162, at 4-7). The Government responds that Defendant's argument fails to establish substantial legal error, the definition of control was appropriate, and the Defendant was not prejudiced because "control did not have a technical meaning that needed to be explained by an expert." (Docket Entry No. 156, at 5-7).

"The standard of review for jury instructions is that they are 'reviewed as a whole to determine whether they adequately inform the jury of relevant considerations and provide a basis in law for the jury to reach its decision.'" Innes v. Howell Corp., 76 F.3d 702, 714 (6th Cir. 1996) (quoting Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72 (6th Cir. 1990)). "The district court 'may be reversed only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial.'" Innes, 76 F.3d at 714 (quoting Beard, 900 F.2d at 72-73).

Here, definitional guidance was necessary because Defendant raised the issue of how control was defined. Drawing from Webster's Dictionary, the Court instructed that "the word 'control' in the probation officer's financial statement document is given its ordinary and natural meanings that are the power or authority to guide or manage, to exercise or direct influence over or directing or restraining any financial activity." (Docket Entry No. 150, at 17). The jury instructions as a whole adequately informed the jury of the relevant considerations and were not

confusing, misleading or prejudicial. Therefore, the definition of control was not substantial legal error and Defendant's motion should be denied.

### D. Denial of motion for continuance

Defendant argues he is entitled to a new trial because the Court denied his motion to continue the closing statements based upon insufficient sleep. (Docket Entry Nos. 154, 162). Defendant contends he would have made additional arguments during closing if he was better rested. (Docket Entry No. 162, at 10-12). The Government responds that the Court properly denied the request and there was no actual prejudice. (Docket Entry No. 156).

"The denial of a defendant's motion for a continuance amounts to a constitutional violation only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. To demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense." United States v. King, 127 F.3d 483, 486-87 (6th Cir. 1997) (citations and internal quotations omitted). Actual prejudice requires proof that "a continuance would have made relevant witnesses available or added something to the defense." Id. at 487.

The Court denied the continuance after observing Defendant's demeanor and clarity during that day's court proceedings. Defendant presented a competent closing statement referencing exhibits, witness testimony, and offense elements. Although Defendant cites arguments he may have presented with more sleep, Defendant has not demonstrated that the requested half-day would have added to his defense. Thus, denying the continuance was not substantial legal error and Defendant's motion should be denied.

## E. Rejection of proposed jury instruction

Defendant argues he is entitled to a new trial because the jury should have been required to determine "whether Krug's decision to comply with the page 10 instructions was properly 'attributable to an honest misunderstanding of a government form.'" (Docket Entry No. 162, at 15). Citing Seventh Circuit precedent, Defendant sought the inclusion of the following language in the second element of the 18 U.S.C. § 1001 charge: "and was not attributable to an honest misinterpretation of a government form." Id.

In the Sixth Circuit, "[t]he elements of a false statement conviction under 18 U.S.C. § 1001 are: (1) the defendant made a statement; (2) the statement was false; (3) the defendant knew the statement was false; (4) such statement was relevant to the function of a federal department or agency; and (5) the false statement was material." United States v. Algee, 599 F.3d 506, 512 (6th Cir. 2010) (citing United States v. Brown, 151 F.3d 476, 484 (6th Cir.1998)).

Here, the Court applied Sixth Circuit law and instructed the jury, in relevant part:

> For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:
>
> **First**: The defendant made a statement or representation;
>
> **Second**: The statement or representation was false;
>
> **Third**: The statement or representation was material;
>
> **Fourth**: The defendant acted knowingly and willfully; and
>
> **Fifth**: The statement pertained to a matter within the jurisdiction of the judicial branch of the United States government.
>
> A statement is "false" if it was untrue when it was made, and the defendant knew it was untrue at that time.

> A statement is "material" if it has the natural tendency to influence or is capable of influencing a decision of the decision-making body to which it was addressed.
>
> An act is done "knowingly and willfully" if is done voluntarily and intentionally, and not because of a result of confusion, mistake, or faulty memory.
>
> A matter is "within the jurisdiction of the judicial branch of the United States government" if the court in question has the power to exercise authority in that matter.
>
> It is not necessary that the government prove that the defendant knew the matter was within the jurisdiction of the judicial branch of the United States government.
>
> If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of this charge.

(Docket Entry No. 150, at 14-15).

Defendant's proposed language was not a correct statement of the false statement elements in this Circuit. Accordingly, omitting the requested language was not substantial legal error and Defendant's motion should be denied.

### F. Evidentiary rulings

Defendant argues he is entitled to a new trial because the Court did not permit witness McCullough to answer a hypothetical question about making illegal payments (Docket Entry No. 162, at 15), and did not permit evidence about the substance of Defendant's prior convictions. (Docket Entry No. 165, at 6). Such evidence was not admissible and would not have been relevant or assisted the defense. Accordingly, these evidentiary rulings were not substantial legal error and Defendant's motion for a new trial should be denied.

### G. Appointment of counsel

Defendant argues that he is entitled to a new trial because he was not offered counsel of his preference by the magistrate judge. (Docket Entry No. 165). Defendant states that "[w]hile these facts do not support the existence of a Sixth Amendment violation, no one will ever know how the Jury would have voted, had Krug been provided with the services of a reasonably competent lawyer. . . [.]" Id. at 2. This issue is moot because Defendant repeatedly declined to have this Court appoint counsel upon learning of the financial disclosure requirement. (Docket Entry Nos. 52, 135). At trial, Defendant confirmed he was electing to proceed pro se. Thus, not appointing counsel was not substantial legal error and Defendant's motion should be denied.

### H. Speed of jury instruction recitation

Defendant argues that he is entitled to a new trial because the Court "deliberately read [the jury] Instructions at such a rapid pace as to make absolutely certain that most of those Jurors would not understand the criteria upon which their verdict should be based." (Docket Entry No. 165, at 3). The Government responds that there is not a factual basis for this claim and there was not substantial legal error. (Docket Entry No. 167, at 4-5).

"As a general matter, juries are presumed to understand and follow directions from the court." United States v. Carter, 236 F.3d 777, 787 (6th Cir. 2001) (citation omitted). Here, the Court read the jury instructions to the jury and the jury received a written copy of the instructions to reference during deliberations. (Docket Entry No. 150, Jury Charge). Jurors did not ask questions about the instructions or indicate a lack of comprehension. Accordingly, the Court's recitation of the instructions was not substantial legal error and Defendant's motion should be denied.

## I. Lack of materiality

Defendant argues that he is entitled to a new trial based upon alleged non-materiality of his statement "I have never seen the bank statement." The law of the case is that the evidence presented at trial was sufficient for a rational trier of fact to find that this statement was a materially false declaration. (Docket Entry No. 172, at 5-6). Thus, Defendant's motion for new trial should be denied.

## II. CONCLUSION

For the foregoing reasons, Defendant's motion for a new trial (Docket Entry No. 154) should be denied.

An appropriate Order is filed herewith.

Entered on this the 14th day of October, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge